**WALLING et v DELTA THETA CHI CHAPTER HOUSE ASSN**

Ohio Appeals, 1st Dist, Butler Co

No 690.   Decided July 7, 1936

Harry S. Wonnell, Hamilton, for appellee.

Foster Brate, Hamilton, and Pickrel, Schaeffer, Harshman & Young, Dayton, for appellants.

**OPINION**

By ROSS, PJ.

The judgment in the Court of Common Pleas of Butler County was entered February 25, 1936. Notice of appeal on questions of law was filed in time. No application has been made by the appellant to widen this proceeding to an appeal on law and fact. No cross-appeal was filed by the appellees. The matter then before us is one in which the assignments of error of the appellant only may be considered, the case having been tried to the court without a jury. The only exception being a consideration of the motion of appellees for judgment at the close of the case of appellant. Mention is made of the exact status of the proceeding as it is presented by the appeal because of the confusion apparently existing in the minds of counsel relative to what is before the court. "Inasmuch as this case is one in equity and which under the old procedure, would come into this court on appeal, we therefore as-

sume that this cause should be in this court under the new procedure on 'appeal on questions of law and fact' and to be heard de novo upon the testimony preserved in the trial court and the case being in this court, that this court will also consider the assignments of error on behalf of appellees which are as follows." Quoting from brief of appellees. While an appeal bond was given it rests with the appellant to present the case in this court. Having appealed on questions of law only the appeal could not be widened to one of law and fact, in the absence of a request on the part of the appellant, who has the right to present his appeal as he sees fit, consistent with his notice and the character of the case.

It therefore becomes unnecessary to determine the character of the original case, whether in chancery or law, the matter being heard on an appeal of law.

The case involves the construction of a written contract of sale of real estate and the details of performance thereunder. The important provisions of the contract requiring consideration are as follows:

"For and in consideration of the above mentioned agreement the said buyer agrees and binds itself to pay to said seller the sum of Thirteen Thousand ($13,000.00) Dollars as the agreed purchase and sale price of said real estate, payable as follows: Two thousand ($2,000.00) Dollars in cash upon delivery of this contract, the receipt whereof is hereby acknowledged by seller, the balance of said purchase price to bear six per cent per annum from the date hereof and to be paid as follows:

"Said buyer agrees to bind itself to pay to the above mentioned seller the sum of One Hundred ($100.00) Dollars on the 1st day of each and every succeeding month beginning on the 1st day of September, 1923, until said balance of purchase price, including interest as above mentioned and all taxes and assessments and ground rents against said real estate due and payable on and after June 20, 1923, (which taxes, assessments and ground rents of all kinds are hereby assumed by buyer) have been paid in full. Or when said payments so made shall reduce said balance of purchase price, including all interest, taxes, assessments and ground rents to the sum of Five Thousand ($5,000.00) Dollars, then and in that event upon demand of either buyer or seller the said seller shall execute the deed to said buyer, as above agreed. Pro-

vided, however, that said buyer shall secure the balance of said purchase price by giving seller first mortgage on said premises bearing six per cent interest from the date of said conveyance; said mortgage to secure properly executed notes for the balance due; said notes falling due in even amounts one, two and three years from the date of said conveyance. Or if seller so elects. buyer agrees to assume the amount of said balance due by giving or assuming a mortgage to some reputable Building and Loan Association of Butler County, said buyer paying the necessary expense in securing said loan. Said buyer may pay all balance due on said contract at any time provided reasonable notice be given said seller of its intention so to do.

"Upon the expiration of the insurance now covering the building on said premises, buyer hereby authorizes seller to renew same in the name of and for the protection of the interest of said seller, charging same to buyer as balance due on purchase price.

"Buyer agrees to keep the improvements on said premises in good repair, and in the event of its failure to do so seller is hereby authorized to make such repairs as are necessary, charging the costs thereof to buyer as balance due on purchase price.

"Buyer is granted possession of said premises from August 1, 1923, and in consideration thereof agrees that he will make said payments as herein provided, and in case of his failure so to do said seller shall retain all money paid to her on this contract as compensation for said use of said premises and that all rights of said buyer under this contract after such default shall entirely cease, and possession of said premises will be delivered to said seller without process of law or demand."

The action was brought by appellee to cancel this contract and to regain possession of the real property. The appellants denied breach of the contract and prayed for specific performance asking for a deed to the premises.

The chief difficulty arises with reference to the stipulation in the contract providing for the payment of $100 per month and the provision as to the payment of interest.

The contract is without ambiguity. As to the payment of $100, it is distinctly provided that this amount is to be paid monthly until "said balance of purchase price, including interest as above mentioned, and all taxes and assessments and ground rents, etc., have been paid."

It is claimed that in allocating the $100 per month that a portion thereof should have been applied to interest. This is not warranted by the contract since interest was not required to be paid annually. No provision is made for any periodical payment thereof. It was therefore not due until the final payment on the principal sum was due.

The appellant is entitled to a credit of $100 per month upon the principal sum due as a balance of the purchase price and any other payments, such as taxes, assessments, and ground rents assumed by appellants and not paid.

The appellees are not entitled to compound interest. The method of calculating the interest is to credit each one hundred dollars upon the principal sum due and charge interest on the balance remaining after such credit.

Thus after the first monthly payment interest will accrue upon the remaining balance, all of said interest to be paid after the satisfaction of the unpaid amounts provided for in the contract.

Under the terms of the contract the appellant is entitled to a deed to the property after the payment of $5,000, upon giving a mortgage for the unpaid amounts due. It appears that $5,000 has been paid and that the appellant is entitled to a deed upon complying with the provisions of the contract.

As so modified, the judgment of the Court of Common Pleas of Butler County is affirmed.

MATTHEWS and HAMILTON, JJ, concur.